UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VINCENT A. KRUSZEWSKI,<br><br>                   Petitioner,<br><br>  v.<br><br>BRIAN TAYLOR, Canyon County Prosecuting Attorney,<br><br>                   Respondent. | Case No. 1:20-cv-00372-REB<br><br>**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT** |

      Petitioner Vincent A. Kruszewski has filed a Petition for Writ of Habeas Corpus challenging two state court misdemeanor convictions. *See* Dkt. 1. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**1.**　**Standard of Law for Review of Petition**

      Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.   Discussion**

In the Third Judicial District Court in Canyon County, Idaho, Petitioner pleaded guilty to one count of reckless driving and one count of providing false information to a police officer. The judgment of conviction was entered on January 14, 2020. *See* Dkt. 1 at 1. Petitioner was sentenced to 30 days of driving restriction, 90 days in jail with 80 days suspended—with work detail imposed for the remaining 10 days—and a $500 fine.

Petitioner did not file a direct appeal, but he did file a motion to set aside his guilty plea, which was denied as untimely. *Id.* at 3. Petitioner does not assert that he pursued post-conviction relief in the state courts under Idaho's Uniform Post-Conviction Procedures Act, Idaho Code §§ 19-4901 *et seq.*

In the instant Petition for Writ of Habeas Corpus, Petitioner brings three claims of ineffective assistance of counsel and a claim under *Brady v. Maryland*, 373 U.S. 83 (1963).

It appears from the face of the Petition that at least some of Petitioner's claims are unexhausted and, therefore, subject to dismissal. A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims in at least a

INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT - 2

petition seeking review before that court. *Id.* at 847. Unless a petitioner has exhausted a habeas claim, a federal district court may not grant relief on that claim, though it does have discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner has not exhausted any of his ineffective assistance of counsel claims, and his *Brady* claim may be unexhausted. However, it appears Petitioner still has time to exhaust at least some claims in state court. Idaho's post-conviction procedures apply to challenges to misdemeanor convictions, *Parsons v. State*, 745 P.2d 300, 303 (Idaho Ct. App. 1987), and those procedures are the preferred means to raise ineffective assistance claims in Idaho state court, *Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992).

A convicted defendant has one year from the expiration of the time to file a direct appeal in which to submit a post-conviction action in state court. *See* Idaho Code § 19-4902. The judgment in Petitioner's case was entered on January 14, 2020, and the one-year deadline to file in state court has not yet expired.

For the foregoing reasons, the Petition appears subject to dismissal under Habeas Rule 4 as containing unexhausted claims. A dismissal for non-exhaustion must be without prejudice—that is, a petitioner may file a new federal habeas corpus petition after his state court remedies have been exhausted, although the petitioner must always remain mindful of the one-year statute of limitations for federal habeas corpus petitions.[1] *See* 28 U.S.C. § 2244(d)(2).

---

[1] The one-year federal statute of limitations begins to run when the state court judgment is final, and it continues to run except during the time that a properly filed application for post-conviction or other collateral relief is pending in the state courts. 28 U.S.C. § 2244(d)(2).

INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT - 3

Alternatively, a petitioner asserting unexhausted claims may request a stay of the federal habeas proceedings, while he exhausts his claims in state court, under *Rhines v. Weber*, 544 U.S. 269 (2005). Such a stay allows the petitioner to present his unexhausted claims to the state court, and then to return to federal court for review of his perfected petition. In determining whether to exercise its discretion to grant a stay, a district court should consider several factors, including whether the petitioner had good cause for the failure to exhaust, whether the unexhausted claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277–78.

Petitioner has not requested a *Rhines* stay. If Petitioner intends to do so, he must file a motion to stay no later than 28 days after entry of this Order.

Petitioner is also advised that he has not named a proper respondent in this case. If a habeas petitioner "is on probation or parole due to the state judgment he is attacking," the appropriate respondents in a federal habeas corpus matter are "the particular probation or parole officer responsible for supervising the [petitioner], and the official in charge of the parole or probation agency, or the state correctional agency." Adv. Cmte. Notes to Habeas Rule 2. The county prosecuting attorney is not a proper respondent.

## ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner may file a motion to stay this case while he exhausts his claims in state court. If Petitioner does not do so—or if the Court denies a motion to stay—this case may be

INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT - 4

      dismissed without prejudice and without further notice for failure to exhaust.

2.     Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, this case is REASSIGNED to a United States District Judge.

DATED: August 12, 2020

_____
Ronald E. Bush
Chief U.S. Magistrate Judge